1  STEVEN M. LEVITAN (SBN 148716)
   JENNIFER M. LANTZ (SBN 202252)
2  MacPHERSON KWOK CHEN & HEID LLP
   2033 Gateway Place, Suite 400
3  San Jose, California 95110
   Phone:  (408) 392-9250
4  Facsimile:  (408) 392-9262
   Email: slevitan@macpherson-kwok.com
5  Email: jlantz@macpherson-kwok.com

6  Attorneys for Defendant
   BAD CAT AMPLIFIER CO., INC.
7

8                UNITED STATES DISTRICT COURT

9            FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                     SAN JOSE DIVISION

11

| MESA/BOOGIE, LIMITED., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>BAD CAT AMPLIFIER CO., INC., a California Corporation,<br><br>Defendant. | Case No. CV-08-0209-JF<br><br>**DEFENDANT BAD CAT AMPLIFIER CO., INC.'S ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |
|---|---|

    Defendant Bad Cat Amplifier Co., Inc. ("Bad Cat" or "Defendant"), by their attorneys as and for its answer (the "Answer") to the Verified Complaint ("Complaint") filed on January 11, 2008, by Plaintiff Mesa/Boogie, Limited ("Mesa/Boogie" or "Plaintiff"), respectfully alleges as follows.

                    **NATURE OF THE COMPLAINT**

    1.    Paragraph 1 of the Complaint contains conclusions of law to which no answer is required.

                    **INTRA-DISTRICT ASSIGNMENT**

    2.    Paragraph 2 of the Complaint contains conclusions of law to which no answer is required.

**PARTIES, JURISDICTION AND VENUE**

3.   Defendant is without knowledge or information sufficient to as to the truth of the allegations of Paragraph 3, therefore denied.

4.   Defendant admits that it is a company organized and existing under the laws of the State of California with a principal place of business at 286 Winfield Circle, Corona, California 92880.  Defendant denies each and every remaining allegation in Paragraph 4.

5.   Admitted.

6.   Defendant admits that it has a principal place of business in California.  Defendant denies each and every remaining allegation in Paragraph 6.

**OPERATIVE FACTS**

7.   Defendant is without knowledge or information sufficient to as to the truth of the allegations of Paragraph 7, therefore denied.

8.   Defendant is without knowledge or information sufficient to as to the truth of the allegations of Paragraph 8, therefore denied.

9.   Defendant is without knowledge or information sufficient to as to the truth of the allegations of Paragraph 9, therefore denied.

10.   Defendant is without knowledge or information sufficient to as to the truth of the allegations of Paragraph 10, therefore denied.

**COUNT ONE – PATENT INFRINGEMENT**

11.   Defendant incorporates by reference all preceding paragraphs of this Answer as if fully set forth herein.

12.   Denied.

13.   Denied.

14.   Denied.

15.   Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

16. As a first affirmative defense to the Complaint, Defendant states that the Complaint fails to state a claim upon which relief can be granted because Defendant does not and has not infringed any claim of U.S. Patent No. 5,168,438.

17. Further, the Complaint is completely unsupported by any facts or law.

### SECOND AFFIRMATIVE DEFENSE

18. As a second affirmative defense to the Complaint, Defendant states that each of the claims of U.S. Patent No. 5,168,438 is invalid for failing to meet the requisite conditions for patentability specified by Title 35 of the United States Code, including without limitation Sections 101, 102, 103, 112 and 282.

### THIRD AFFIRMATIVE DEFENSE

19. As a third affirmative defense to the Complaint, Plaintiff's claims for relief are barred in part by the doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE

20. As a fourth affirmative defense to the Complaint, Plaintiff's prayer for damages is limited by 35 U.S.C. § § 286 and 287, including the patent marking requirements.

WHEREFORE, Defendant prays for judgment in its favor and against Mesa/Boogie Ltd. that:

1. Bad Cat Amplifier Company, Inc. has not infringed, and is not currently infringing, either literally or under the doctrine of equivalents, and whether directly, contributorily, or though inducement, any of the claims of U.S. Patent No. 5,168,438;

2. The claims of U.S. Patent No. 5,168,438 are invalid and/or unenforceable;

3. Plaintiff is not entitled to injunctive relief;

4. Plaintiff takes nothing;

5. That the Court declare this case to be an exceptional case under 35 U.S.C. § 285 and the charges of infringement herein to have been made in bad faith and awarding Defendant its costs, expenses, and reasonable attorneys' fees; and

6. That Defendant be awarded such other and further relief as this Court deems just and proper.

**JURY TRIAL DEMAND**

Defendant demands a trial by jury on all issues so triable.

DATED: March 5, 2008        MACPHERSON KWOK CHEN & HEID LLP

By _____/s/_____
Jennifer M. Lantz
Attorneys for Defendant BAD CAT
AMPLIFIER CO., INC.