WILLIAM SLOAN COATS (STATE BAR NO. 94864)
Email: wcoats@whitecase.com
MARK R. WEINSTEIN (STATE BAR NO: 193043)
Email: mweinstein@whitecase.com
WENDI R. SCHEPLER (STATE BAR NO. 197474)
Email: mschepler@whitecase.com
CRAIG W. CLARK (STATE BAR NO. 226839)
Email: cclark@whitecase.com
**WHITE & CASE LLP**
3000 El Camino Real
5 Palo Alto Square, 9th Floor
Palo Alto, California 94306
Telephone:    650/213-0300
Facsimile:    650/213-8158

Attorneys for Plaintiff, MESA/BOOGIE, LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MESA/BOOGIE, LIMITED, a California Corporation,<br><br>                Plaintiff,<br><br>v.<br><br>BAD CAT AMPLIFIER CO., INC., a California Corporation,<br><br>                Defendant. | CASE NO. CV-08-00209-JF<br><br>**NOTICE OF MOTION AND MOTION BY MESA/BOOGIE, LTD. TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:   May 9, 2008<br>Time:  9:00 a.m.<br>Ctrm:  3, 5th Floor<br><br>The Honorable Jeremy Fogel |

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE THAT on May 9, 2008 at 9:00 a.m. in the courtroom of the Honorable Jeremy Fogel, United States District Court for the Northern District of California, 280 South First Street, San Jose, CA 95113, plaintiff Mesa/Boogie Ltd. ("Mesa") will and hereby does move the Court for an order striking the second, third and fourth affirmative defenses asserted by defendant Bad Cat Amplifier Co. Inc. ("Defendant") in its Answer to Complaint and Affirmative Defenses filed on March 5, 2008. This motion is based upon this Notice of Motion, the Memorandum of Points and Authorities set forth below and any other arguments and evidence presented to this Court at or before the hearing on this motion.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      INTRODUCTION**

Defendant's affirmative defenses do not comply with basic pleading standards and should be stricken. Defendant filed its Answer on March 5, 2008 in response to Mesa's Complaint filed on January 11, 2008 alleging infringement of U.S. Patent No. 5,168,438 (the "'438 Patent"). Defendant's affirmative defenses of patent invalidity, laches, and limitation of patent damages under 35 U.S.C. §§ 286 and 287 consist of single sentences offering bare legal conclusions, essentially leaving Mesa to guess at Defendant's bases (if any) for the allegations. Each defense is devoid of any factual basis supporting the defense.

Courts in this district have consistently held that affirmative defenses pleaded in a conclusory manner are subject to a motion to strike. *See Grid Systems Corp. v. Texas Instruments, Inc.*, 771 F. Supp. 1033 (N.D. Cal. 1991) (Jenson, J.); *Advanced Cardiovascular Systems, Inc. v. Medtronic*, 41 U.S.P.Q. 2d 1770 (N.D. Cal. 1996) ("*ACS*") (Jenson, J.); *Network Caching Technology, LLC v. Novell, Inc.*, No. C-01-2079-VRW, 2001 WL 36043487 (N.D. Cal. 2001) (Walker, J.); *Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046 (N.D. Cal. 2004) (Ware, J.); *PB Farradyne, Inc. v. Peterson*, No. C 05-03447 SI, 2006 WL 132182 (N.D. Cal. 2006) (Illston, J.).[1] To comply with basic pleading requirements, a defendant must plead facts sufficient to provide

---

[1] For the Court's convenience, copies of these decisions are provided with Mesa's Appendix of Authorities, filed concurrently herewith.

notice of the grounds upon which its affirmative defenses rest. In each of the cases cited above, courts struck affirmative defenses in patent cases that were nearly identical to those asserted by Defendant because they failed to provide fair notice to the plaintiff as required by the Federal Rules.

## II.     ARGUMENT

Under Federal Rule of Civil Procedure 12(f), a Court may "order stricken from any pleading *any insufficient defense* or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f) (emphasis added). As stated by the Ninth Circuit, "the function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (citation omitted), *rev'd on other grounds* 510 U.S. 517 (1994).

The Federal Rules provide clear instructions on pleading requirements. Rule 8(b) provides that "[a] party shall state in short and plain terms the party's defenses to each claim asserted . . . ." To properly plead an affirmative defense, the defendant must set forth sufficient facts to notify the plaintiff of the basis of the defense. *See Wyshak v. City National Bank*, 607 F.2d 824, 827 (9th Cir. 1979) ("The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense"). When an affirmative defense fails to give fair notice to the defendant, the Court can order it stricken. *See*, *e.g.*, *Qarbon.com*, 315 F. Supp. 2d at 1048-49 (Ware, J.) ("A defense may be struck if it fails to provide 'fair notice' of the basis of the defense."). Defendant's affirmative defenses do not comply with these basic pleading requirements and should be stricken.

### A.     Defendant's Affirmative Defenses Do Not Provide "Fair Notice" To Mesa

#### 1.     The Invalidity Defense Should Be Stricken

Defendants' second affirmative defense for invalidity should be stricken for failing to provide fair notice to Mesa. Courts in this district have repeatedly held that a conclusory listing of statutory grounds of invalidity does not satisfy the pleading requirements of the Federal Rules. A properly pleaded invalidity defense must "link each challenged patent with particular defects, and allege some factual basis for each alleged defect." *Grid Systems*, 771 F. Supp. at 1042; *ACS*, 41 U.S.P.Q.2d at 1773 (same).

The *ACS* court struck an invalidity defense alleging that the asserted patent was "invalid, void, and unenforceable for failure to satisfy the requirements of patentability contained in Title 35 United States Code, including but not limited to, sections 101, 102, 103, and/or 112." 41 U.S.P.Q.2d at 1773. The Court reasoned that "[s]ince sections 101, 102, 103, and 112 provide numerous grounds for finding a patent invalid, defendant must provide a more specific statement of the basis for this defense in order to give ACS fair notice of the claims being asserted." *Id.* Similarly, in *Grid Systems*, 771 F. Supp. at 1042, the court found "radically insufficient" an affirmative defense that the patent-in-suit was invalid for "failure to comply with the requirements of 35 U.S.C. §§ 101, 102, 103, and 112." *See also Qarbon.com*, 315 F. Supp. 2d at 1050 (Judge Ware reaching same conclusion and striking invalidity defense); *PB Farradyne*, 2006 WL 132182, at *1 (N.D. Cal. 2006) (Judge Illston reaching the same conclusion).

Defendant's invalidity defense is in all material respects identical to the defenses stricken in *ACS*, *Grid Systems*, *Qarbon.com* and *FB Farradyne*. It reads in full: "As a second affirmative defense to the Complaint, Defendant states that each of the claims of U.S. Patent No. 5,168,438 is invalid for failing to meet the requisite conditions for patentability specified by Title 35 of the United States Code, including without limitation Sections 101, 102, 103, 112 and 282." Answer, p. 3, ¶ 18. Just like the defenses ordered stricken in the above-mentioned cases, Defendant simply cites five statutory sections of Title 35 relating to invalidity but fails to provide any detail. This type of defense, which Judge Illston pejoratively labeled "pleading the statute to allege patent invalidity," *FB Farradyne*, 2006 WL 132183 at *3, does not allow Mesa to determine the bases for Defendant's invalidity allegations. The defense leaves Mesa to guess as to which of the many grounds available under the cited statutes – if any – Defendant contends actually apply to the patent-in-suit. Accordingly, Mesa respectfully requests the Court strike this deficient affirmative defense.

### 2. The Conclusory Laches Defense Should Be Stricken

Defendant's third affirmative defense alleges that "Plaintiff's claims for relief are barred in part by the doctrine of laches." Answer, p. 3, ¶ 19. This defense is a bald legal conclusion lacking factual support and is insufficient as a matter of law. Courts in this district routinely strike conclusory laches defenses in patent cases. *See ACS*, 41 U.S.P.Q.2d at 1774; *Network Caching*

*Technology, LLC*, 2001 WL 36043487, at *3, *5.  Moreover, Defendant asserts that the doctrine of laches applies to only a portion of Mesa's claims (*i.e.* "barred in part"), but leaves Mesa to guess as to which part(s) of Mesa's claims Defendant contends are barred.  Accordingly, Mesa respectfully requests the Court strike Defendant's third affirmative defense.

### 3. The Damages Defense is Insufficient And Should Also Be Stricken

Defendant's fourth affirmative defense states in full:  "As a fourth affirmative defense to the Complaint, Plaintiff's prayer for damages is limited by 35 U.S.C. §§ 286 and 287, including the patent marking requirements."  Answer, p. 3, ¶ 20.  This defense suffers from the same deficiencies as Defendant's others; it is a bare legal conclusion that fails to give fair notice to Mesa.  Simply listing legal doctrines without factual support does not constitute fair notice of the grounds for an affirmative defense.  *See Qarbon.com*, 315 F. Supp. 2d at 1049-50; *Network Caching Technology, LLC*, 2001 WL 36043487, at *4-5 (striking conclusory marking defense).  Defendant again provides no factual allegations whatsoever to explain the grounds on which Defendant bases its assertions.  Moreover, as with its deficient invalidity defense, Defendant does nothing more than cite multiple provisions in Title 35, leaving Mesa in the dark about how those provisions may apply.  Accordingly, Mesa respectfully requests that the Court strike Defendant's fourth affirmative defense.

## III. CONCLUSION

For the foregoing reasons, Mesa respectfully requests that the Court grant its motion to strike as set forth above and order Defendant to file a First Amended Answer that remedies the deficiencies in its affirmative defenses within (10) days.

Dated:   March 27, 2008

Respectfully submitted,

WHITE & CASE LLP

/s/ Craig W. Clark
Craig W. Clark
Attorneys for Plaintiff