1   WILLIAM SLOAN COATS (STATE BAR NO. 94864)
    Email: wcoats@whitecase.com
2   MARK R. WEINSTEIN (STATE BAR NO: 193043)     *E-FILED 4/11/08*
    Email: mweinstein@whitecase.com
3   WENDI R. SCHEPLER (STATE BAR NO. 197474)
    Email: mschepler@whitecase.com
4   CRAIG W. CLARK (STATE BAR NO. 226839)
    Email: cclark@whitecase.com
5   **WHITE & CASE LLP**
    3000 El Camino Real
6   5 Palo Alto Square, 9th Floor
    Palo Alto, California 94306
7   Telephone:     650/213-0300
    Facsimile:     650/213-8158
8

9   Attorneys for Plaintiff, MESA/BOOGIE, LTD.

10                  UNITED STATES DISTRICT COURT

11                 NORTHERN DISTRICT OF CALIFORNIA

12  MESA/BOOGIE, LIMITED, a California      CASE NO. CV-08-00209-JF
    Corporation,
13                                          **STIPULATED PROTECTIVE ORDER**
                         Plaintiff,
14
    v.
15
16  BAD CAT AMPLIFIER CO., INC., a
    California Corporation,
17
                         Defendant.
18

19

20

21

22

23

24

25

26

27

28

Plaintiff Mesa/Boogie, Ltd. ("Mesa/Boogie") and defendant Bad Cat Amplifier Co. Inc. ("Bad Cat"), by and through their respective counsel, hereby stipulate to and petition the Court to enter the following Stipulated Protective Order ("Order").

## 1.     INTRODUCTION

Disclosure and discovery activity in this action are anticipated to lead to the production of confidential and proprietary information of the parties and non-parties.  Public disclosure or improper use of this information for any purpose other than prosecuting this litigation would result in competitive harm and serious injury to the parties and non-parties.  To protect the confidential and proprietary information of the parties and non-parties from improper disclosure, the parties stipulate to this Order.

The parties acknowledge that this Order does not confer blanket protections on all information exchanged in this litigation and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.

## 2.     DEFINITIONS

2.1     Party:  Any party to this action, including all of its officers, directors, employees, consultants, retained experts and outside counsel (and their support staff).

2.2     Discovery Material:  All documents, testimony, tangible items, and information produced by a Party or non-Party in this matter in disclosures (whether pursuant to the Federal Rules of Civil Procedure, Northern District Local Rules, or disclosed voluntarily) or responses to discovery (including, but not limited to, deposition testimony, documents produced in response to document requests, responses to interrogatories, and responses to requests for admissions).

2.3     "Confidential" Information:  Any Discovery Material containing trade secrets or other confidential or proprietary technical, business or financial information, and designated by a Party or non-Party as "Confidential."

2.4     "Highly Confidential – Attorneys' Eyes Only" Information:  Extremely sensitive "Confidential" Information whose disclosure to another Party or non-Party would create

1    a substantial risk of serious injury or irreparable harm to a Party or non-Party, and which is

2    designated by a Party or non-Party as "Highly Confidential – Attorneys' Eyes Only."

3            2.5    Receiving Party:  A Party that receives Discovery Material in this action.

4            2.6    Producing Party:  A Party or non-Party that discloses or produces

5    Discovery Material in this action.

6            2.7    Designating Party:  A Party or non-Party that designates Discovery

7    Material it produces in this action as "Confidential" or "Highly Confidential – Attorneys' Eyes

8    Only."  Non-Parties producing Discovery Material pursuant to a subpoena shall have all rights

9    granted to Designating Parties.

10            2.8    Protected Material:  Any Discovery Material that is designated as

11    "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

12            2.9    Outside Counsel:  Attorneys (as well as their support staff) who are not

13    employees of a Party but who are retained to represent or advise a Party in this action.

14            2.10    House Counsel:  Attorneys (as well as their support staff) who are

15    employees of a Party.

16            2.11    Expert:  A person with specialized knowledge or experience in a matter

17    pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert

18    witness or consultant in this action and who is neither a current employee of a Party nor is

19    anticipated to become an employee of a Party in the near future.  This definition includes a

20    professional jury or trial consultant retained in connection with this litigation.

21            2.12    Professional Vendors:  Persons or entities that provide litigation support

22    services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations;

23    organizing, storing, retrieving data in any form or medium) and their employees and

24    subcontractors.

25            2.13    Final Disposition:  For purposes of this Order, final disposition occurs after

26    a judgment or dismissal finally terminating the above-captioned action with prejudice, including

27    all appeals.

28

**3.    SCOPE**

The protections conferred by this Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or counsel in court or in other settings that might reveal Protected Material.

**4.    DESIGNATING PROTECTED MATERIAL**

4.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or non-Party that designates Discovery Material for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  If it comes to a Party's or a non-Party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-Party must promptly notify all other parties that it is withdrawing the mistaken designation, and of the correct designation.

4.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order, Discovery Material that qualifies for protection under this Protective Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    <u>For documents</u> (apart from transcripts of depositions or other pretrial or trial proceedings):  The Producing Party must affix the legend "Confidential" or "Highly Confidential – Attorneys' Eyes Only" at the top or bottom of each page that contains Protected Material.

A Party or non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced.  During this inspection and before the designation, all of the documents made available for inspection shall be deemed "Highly Confidential – Attorneys' Eyes Only."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, and then, before producing the specified

1  documents, the Producing Party must affix the appropriate legend ("Confidential" or "Highly

2  Confidential – Attorneys' Eyes Only") at the top or bottom of each page that contains Protected

3  Material.

4          (b)    For testimony given in deposition or in other pretrial or trial

5  proceedings:  A Party or non-Party must either (1) state on the record, before the close of the

6  deposition, hearing, or other proceeding, that the testimony shall be designated "Confidential" or

7  "Highly Confidential – Attorneys' Eyes Only," or (2) provide written notice to all Parties, within

8  10 days after receipt of the transcript, that the testimony shall be designated "Confidential" or

9  "Highly Confidential – Attorneys' Eyes Only."  The Parties shall treat the testimony as "Highly

10  Confidential – Attorneys' Eyes Only" until the expiration of the 10 day period.

11          Transcript pages containing Protected Material must be marked with the

12  legend "Confidential" or "Highly Confidential – Attorneys' Eyes Only" as instructed by the Party

13  or non-Party.

14          (c)    For information produced in some form other than documentary,

15  and for any other tangible items:  The Producing Party must affix in a prominent place on the

16  exterior of the container or containers in which the information or items is stored the legend

17  "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

18          4.3    Inadvertent Failure to Designate.  If timely corrected, an inadvertent failure

19  to designate qualified information or items as "Confidential" or "Highly Confidential –

20  Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to secure

21  protection under this Order for such material.  If material is appropriately designated as

22  "Confidential" or "Highly Confidential – Attorneys' Eyes Only" after the material was initially

23  produced, the Receiving Party, on timely notification of the designation, must make reasonable

24  efforts to assure that the material is treated in accordance with the provisions of this Order.

25  **5.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

26          5.1    Timing of Challenges.  Unless a prompt challenge to a Designating Party's

27  confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary

28  economic burdens, or a later significant disruption or delay of the litigation, a Party does not

1  waive its right to challenge a confidentiality designation by electing not to mount a challenge

2  promptly after the original designation is disclosed.

3           5.2  <u>Meet and Confer</u>.  A Party that elects to initiate a challenge to a

4  Designating Party's confidentiality designation must begin the process by conferring directly with

5  counsel for the Designating Party.  A challenging Party may proceed to the next stage of the

6  challenge process only if it has engaged in this meet and confer process first.

7           5.3  <u>Judicial Intervention</u>.  A Party that elects to press a challenge to a

8  confidentiality designation after considering the justification offered by the Designating Party

9  may file and serve a motion under Civil Local Rule 7 (or by such other procedure as may be

10  specified by the Court).  The burden of proof in any such challenge proceeding shall be on the

11  Designating Party.  Until the Court rules on the challenge, all parties shall continue to afford the

12  material in question the level of protection to which it is entitled under the Producing Party's

13  designation.

14      **6.**      **ACCESS TO AND USE OF PROTECTED MATERIAL**

15           6.1  <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is

16  disclosed or produced by another Party or by a non-Party in connection with this case only for

17  prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be

18  disclosed only to the categories of persons and under the conditions described in this Order.

19  When a Final Disposition occurs, a Receiving Party must comply with the provisions of Section

20  12, below.

21           Protected Material must be stored and maintained by a Receiving Party at a

22  location and in a secure manner that ensures that access is limited to the persons authorized under

23  this Order.

24           6.2  <u>Disclosure of "Confidential" Information</u>.  Unless otherwise ordered by the

25  Court or permitted in writing by the Designating Party, a Receiving Party may disclose any

26  information or item designated "Confidential" only to:

27           (a)      the Receiving Party's Outside Counsel of record in this action, as

28  well as employees of said Counsel to whom it is reasonably necessary to disclose the information

1    for this litigation;

2              (b)      the officers, directors, and employees (including House Counsel) of

3    the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have

4    signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

5              (c)      Experts (as defined in this Order) of the Receiving Party to whom

6    disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be

7    Bound by Protective Order" (Exhibit A);

8              (d)      the Court and its personnel;

9              (e)      Court reporters, their staffs, and Professional Vendors to whom

10   disclosure is reasonably necessary for this litigation;

11             (f)      during their depositions, witnesses in the action to whom disclosure

12   is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order"

13   (Exhibit A); and

14             (g)      an author, signatory, or prior recipient of the document or the

15   original source of the information.

16             6.3      Disclosure of "Highly Confidential – Attorneys' Eyes Only" Information.

17   Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a

18   Receiving Party may disclose any information or item designated "Highly Confidential –

19   Attorneys' Eyes Only" only to:

20             (a)      the Receiving Party's Outside Counsel of record in this action, as

21   well as employees of said Counsel to whom it is reasonably necessary to disclose the information

22   for this litigation;

23             (b)      Experts (as defined in this Order) of the Receiving Party to whom

24   disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be

25   Bound by Protective Order" (Exhibit A);

26             (c)      the Court and its personnel;

27             (d)      Court reporters, their staffs, and Professional Vendors to whom

28   disclosure is reasonably necessary for this litigation; and

(e)     an author, signatory, or prior recipient of the document or the original source of the information.

6.4     <u>Use of Party's Own Materials</u>:  Nothing in this Order shall restrict a Party's ability to use and disclose its own designated materials as it chooses.  Such disclosure shall not waive the protections of this Order and shall not entitle other Parties or non-Parties to disclose such materials in violation of this Order.

**7.     IDENTIFICATION OF EXPERTS AND CONSULTANTS**

A Party desiring to disclose Discovery Materials designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only" to an Expert shall first obtain from the Expert a signed undertaking in the form of Exhibit A hereto and a current resume (curriculum vitae).  A copy of said undertaking and resume shall be served upon counsel for the Designating Party with a cover letter identifying each company for which the expert has done work in the past two years or with which the expert has an agreement to do work in the future.  The Designating Party shall then have five days to serve a written objection to such disclosure.  Any written objection shall state with specificity the reason(s) for such objection.  If counsel for Designating Party objects within five business days, there shall be no disclosure to such Expert except by agreement of the Parties or by order of the Court.  If an objection to disclosure is made within the five-day period, counsel for the Parties shall meet and confer to reach an agreement.  Failing that and for good cause shown, the Party proposing the Expert may file a motion seeking permission to make the disclosure.  On any such motion, the Designating Party shall bear the burden of showing why disclosure to the Expert should be precluded.

**8.     THIRD PARTY REQUESTS FOR PROTECTED MATERIAL**

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any Protected Material designated in this action as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," the Receiving Party must so notify the Designating Party immediately in writing, and in no event more than three court days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.

7

1    The Receiving Party also must immediately in writing inform the party who caused the

2    subpoena or order to issue in the other litigation that some or all of the material covered by the

3    subpoena or order is the subject of this Order.  In addition, the Receiving Party must deliver a

4    copy of this Order promptly to the Party in the other litigation that caused the subpoena or order

5    to issue.

6    **9.      UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

7    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

8    Material to any person or in any circumstance not authorized under this Order, the Receiving

9    Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosure,

10   (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or

11   persons to whom unauthorized disclosure was made of all the terms of this Order, and (d) request

12   such person or persons to execute the "Agreement to Be Bound by Protective Order" that is

13   attached hereto as Exhibit A.

14   **10.     INADVERTENT PRODUCTION OF PRIVILEGED MATERIAL**

15   The Parties agree that inadvertent production of documents, items, or information subject

16   to the attorney-client privilege or work product immunity (despite the Parties' reasonable efforts

17   to prescreen such documents, items, and information prior to production) does not waive the

18   attorney-client privilege or work product immunity if the Producing Party requests a recall of

19   such documents, items, or information promptly after the Producing Party learns of the

20   inadvertent production.  If the Receiving Party disagrees with the Producing Party's recall

21   request, the Receiving Party shall move to compel production of the recalled documents, items, or

22   information no more than 30 days after receiving the recall request.  The Receiving Party shall

23   not use recalled documents, items, or information for any purpose until the Court makes a ruling

24   on the motion to compel.  If the Receiving Party does not file a motion to compel within 30 days

25   of receiving the recall request, the Receiving Party shall destroy all copies, abstracts,

26   compilations, summaries, or any other form of reproducing or capturing any of the recalled

27   documents, items, or information in its possession.

28   **11.     FILING PROTECTED MATERIAL**

1    Without written permission from the Designating Party or a court order secured after

2    appropriate notice to all interested persons, a Party may not file in the public record in this action

3    any Protected Material.  A Party that seeks to file under seal any Protected Material must comply

4    with Civil Local Rule 79-5.

5    **12.    FINAL DISPOSITION**

6    Even after Final Disposition of this action (as defined above), the confidentiality

7    obligations imposed by this Order shall remain in effect until a Designating Party agrees

8    otherwise in writing or a court order otherwise directs.

9    Unless otherwise ordered or agreed in writing by the Producing Party, within 90 days after

10    a Final Disposition of this action, each Receiving Party must return to the Producing Party or

11    destroy all Protected Material.  As used in this subdivision, "all Protected Material" includes all

12    copies, abstracts, compilations, summaries, or any other form of reproducing or capturing any of

13    the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving

14    Party must submit a written certification to the Producing Party by the 90-day deadline affirming

15    that all Protected Material has been returned or destroyed and that the Receiving Party has not

16    retained any copies, abstracts, compilations, summaries or other forms of reproducing or

17    capturing any of the Protected Material.  Notwithstanding this provision, (a) Counsel are entitled

18    to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda,

19    correspondence or attorney work product (including exhibits, deposition exhibits, and trial

20    exhibits), even if such materials contain Protected Material, and one copy of any Disclosure or

21    Discovery Material for the sole purpose of maintaining a complete copy of the file of the action,

22    and (b) Experts are entitled to retain an archival copy of any expert report prepared from any

23    Protected Material provided to them.  Any such archival copies that contain or constitute

24    Protected Material remain subject to the confidentiality obligations of this Order.

25    **13.    MISCELLANEOUS**

26    13.1    <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any

27    person to seek its modification by the Court in the future.

28

1           13.1    <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this

2 Protective Order, no Party waives any right it otherwise would have to object to disclosing or

3 producing any information or item on any ground not addressed in this Order.  Similarly, no Party

4 waives any right to object on any ground to use in evidence of any of the material covered by this

5 Order.

6 IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

7

8 Dated: April 11, 2008           WHITE & CASE LLP

9

10           By: /s/ _____

                    Craig W. Clark

11

12           Attorneys for Plaintiff

          MESA/BOOGIE, LTD.

13

14 Dated: April 11, 2008           MACPHERSON KWOK CHEN & HEID LLP

15

16           By: /s/ _____

                    Jennifer Lantz

17

18           Attorneys for Defendant

          BAD CAT AMPLIFIER CO., INC.

19

20           PURSUANT TO STIPULATION, IT IS SO ORDERED.

21

22 Date:   April 11, 2008    _____

23           The Honorable ~~Jeremy Fogel~~ Richard Seeborg

          United States ~~District Judge~~ Magistrate Judge

24

25           <u>ATTESTATION UNDER GENERAL ORDER 45</u>

26

27 I, Craig W. Clark, am the ECF User whose ID and password are being used to file this Stipulated
Protective Order.  In compliance with General Order 45, X.B., I hereby attest that Jennifer Lantz
has concurred in this filing and that I will keep her signature on file.

28

          10      STIPULATED PROTECTIVE ORDER
                        CASE NO. CV-08-00209-JF

1

**EXHIBIT A**

2

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

3

I, _____, declare under penalty of perjury that I have read in its

4

entirety and understand the Stipulated Protective Order that was issued by the United States

5

District Court for the Northern District of California in the case of *Mesa/Boogie, Ltd. v. Bad Cat*

6

*Amplifier Co., Inc.*, Case No. CV-08-00209-JF. I agree to comply with and to be bound by all

7

the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so

8

comply could expose me to sanctions and punishment in the nature of contempt. I solemnly

9

promise that I will not disclose in any manner any information or item that is subject to this

10

Stipulated Protective Order to any person or entity except in strict compliance with the provisions

11

of this Order.

12

13

Printed Name: _____

14

15

Address: _____

Present Employer: _____

16

17

Date: _____

18

City and State where sworn and signed: _____

19

20

21

Signature: _____

22

23

24

25

26

27

28